```
___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

        JUN 18 2025
          AT SEATTLE
    CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH DANIEL SCHMIDT,<br><br>Defendant. | NO. CR23-158 JCC<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and JOSEPH DANIEL SCHMIDT and his attorney Dennis Carroll, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B).

1.   **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Indictment:

   a.   *Attempt to Deliver National Defense Information*, in violation of Title 18, United States Code, Section 793(e), as charged in Count 1; and

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. *Retention of National Defense Information*, in violation of Title 18, United States Code, Section 793(e), as charged in Count 2.

By entering the pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the guilty pleas, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

For the offense of *Attempt to Deliver National Defense Information*, in violation of Title 18, United States Code, Section 793(e), as charged in Count 1:

First, Defendant did not have authorized possession of, access to, or control over information;

Second, such information was closely held by the U.S. government (*i.e.*, classified information) and related to the national defense of the United States;

Third, Defendant attempted to communicate, deliver, or transmit the information to a person who was not entitled to receive it;

Fourth, Defendant had reason to believe the information could be used to the injury of the United States or to the advantage of a foreign nation; and

Fifth, Defendant acted willfully, that is, voluntarily, intentionally, and with the knowledge that the conduct was unlawful.

For the offense of *Retention of National Defense Information*, in violation of Title 18, United States Code, Section 793(e), as charged in Count 2:

First, Defendant did not have authorized possession of, access to, or control over information;

Second, such information was closely held by the U.S. government (*i.e.*, classified information) and related to the national defense of the United States;

Third, Defendant retained the information and failed to deliver it to the officer or employee of the United States entitled to receive it;

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fourth, Defendant had reason to believe the information could be used to the injury of the United States or to the advantage of a foreign nation; and

Fifth, Defendant acted willfully, that is, voluntarily, intentionally, and with the knowledge that the conduct was unlawful.

3.   **The Penalties**.  Defendant understands that the statutory penalties applicable to the offenses charged in Count 1 and Count 2, to which Defendant is pleading guilty, are as follows: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

Beginning in January 2015, and continuing to early January 2020, Joseph Daniel Schmidt was an active-duty soldier in the U.S. Army. Schmidt ultimately rose to rank of Army Sergeant. Schmidt's primary assignment during his active duty was to the 109th Military Intelligence Battalion at Joint Base Lewis-McChord ("JBLM"), located in Pierce County, Washington. Schmidt was assigned to a Human Intelligence ("HUMINT") squad as a HUMINT Collector and ultimately became a Team Leader of other HUMINT Collectors. In this role, Schmidt supervised HUMINT collection operations and the

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

production of intelligence reporting, analysis, and the dissemination of intelligence products. Schmidt had access to classified intelligence collection and reporting systems, including national defense information, and was granted a Top Secret/Sensitive Compartment Information security clearance. Schmidt received training on how to handle and protect classified information and entered into a non-disclosure agreement with the Army.

On January 8, 2020, Schmidt completed his term of service and transitioned to the Inactive Ready Reserves. Six days later, on January 14, 2020, Schmidt departed the United States on a flight to Beijing, China. On January 18, 2020, Schmidt returned to the United States from China.

On February 9, 2020, Schmidt departed the United States and traveled to Istanbul, Turkey. While in Turkey, Schmidt conducted internet research about defection from the United States and countries that do not have extradition treaties with the United States, including making Google searches for: "chinese consulate"; "soldier defect"; "chinese embassy"; "countries that dont extradite"; "can you be extradited for treason"; "countries with most negative relations with US"; and "what is china's intelligence agency."

On February 24, 2020, while still in Turkey, Schmidt sent an email to the Chinese Consulate in Istanbul stating: "I am a United States citizen looking to move to China. ... I also am trying to share information I learned during my career as an interrogator with the Chinese government. I have a current top secret clearance and would like to talk to someone from the Government to share this information with you if that is possible. My experience includes training in interrogation, running sources as a spy handler, surveillance detection, and other advanced psychological operation strategies. I would like to go over the details with you in person if possible, as I am concerned with discussing this over email."

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On March 2, 2020, Schmidt departed Turkey and returned to the United States. A few days later, on March 6, 2020, Schmidt traveled to Hong Kong. On March 9, 2020, a few days after arriving in Hong Kong, Schmidt traveled to Beijing. While there, Schmidt attempted to visit the headquarters of the Chinese Ministry of State Security ("MSS"), the PRC agency responsible for counter-intelligence, foreign intelligence, and political security. Schmidt departed Beijing on March 12, 2020, and returned to Hong Kong.

While in Hong Kong, Schmidt created several documents containing information related to the national defense of the United States, including classified information, for the purpose of sharing this information with agents of the Chinese government, including agents of the MSS. These documents included:

A document entitled, *Humint AIT*, which is four pages long and discusses in detail various aspects of U.S. Army intelligence collection, dissemination, and training, including: the types of intelligence reports that are prepared and disseminated; methods of conducting interrogations; methods of conducting human source operations; and the types of training courses offered for HUMINT officers. An official with the U.S. Army who is qualified and authorized to make classification determinations has reviewed this document and determined that information contained therein, although unclassified, constitutes information related to the national defense because it pertains to intelligence activities, including covert actions and intelligence sources and methods.

A document entitled *High Level Secrets*, which is 23-pages long. At the beginning of this document, Schmidt explained his purpose in creating the document and his desire to transmit national defense information to PRC Intelligence Services: "If you read this document, please make sure that the State Security Bureau of People's Republic of China [MSS] receives it. The content is a high-level secret of U.S. intelligence and can help the Chinese people. ... I'm a human intelligence collector that just got out of the military. I'm trying to send

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

some information to the Chinese government about the United States Intelligence Services. I'll provide some documents to verify my identity, and I hope that it reaches the proper authorities." Later in the document, Schmidt wrote: "Over the course of the next several weeks, I'll be releasing information in a series of short documents about my experience with United States Intelligence. I also have experience with highly classified technology that I would be happy to share with you if you would like my expertise. I can help to create training programs that either mimic American Intelligence Source Handling courses, or training for surveillance teams to more effectively identify American Spy Handlers by training your intelligence teams in the highest techniques that American Intelligence forces use." The remainder of the "High Level Secrets" document discussed Schmidt's training and experience in HUMINT collection; the functions and capabilities of U.S. HUMINT collectors; the curriculum and substance of various Army HUMINT training courses; and tradecraft used by U.S. HUMINT collectors, including information regarding surveillance detection routes, casing for meeting locations, source assessment, and operational testing. An official with the U.S. Army who is qualified and authorized to make classification determinations has reviewed this document and determined that information contained therein was properly classified at the SECRET level, meaning that the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security of the United States.

A document entitled *Important Information to Share with Chinese Government*, which is 22 pages long and contains extensive details regarding the use of human sources in U.S. military intelligence, including source types, source assessment and categorization, assessing sites for source meetings, source communication planning, and the application of tradecraft to source handling. An official with the U.S. Army who is qualified and authorized to make classification

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

determinations has reviewed this document and determined that information contained therein was properly classified at the SECRET level, meaning that the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security of the United States.

On March 19, 2020, Schmidt took photographs of the front and back of his Army PKI card, which serves as an encryption key for accessing the Army's classified Secret network and related databases. Three days later, on March 22, 2020, Schmidt sent an email to a PRC state-owned enterprise ("SOE 1") that is under the direct control of the PRC State Council. The email stated: "I am a retired United States Army Intelligence Agent. I have a Secret Internet Protocol Routing PKI token that I would like to reverse engineer to give to the Chinese government. This type of card is what US intelligence agencies use to gain access to SIPR, the intelligence network with TOP SECRET documents and information. It is a very rare card to find outside of the intelligence community, and if used properly, it can improve China's ability to access the SIPR network. ... Where can I turn in the card at?"

On July 8, 2020, Schmidt took a photograph of a hand-drawn map depicting an unknown area with a parking lot, buildings, trees, paths, and a "brick courtyard." In the courtyard, there is a drawing of a bench with the notation: "Bench for meeting site."

On July 21, 2020, Schmidt sent an email to a second PRC state-owned enterprise ("SOE 2") that is affiliated with the PRC Ministry of Science and Technology. The email stated: "I am a veteran with the US military with assignments in intelligence. Hence, I'm quite familiar with many of the most advanced US intelligence technologies. I want to apply the knowledge to enhance the capability of your company and accelerate the development of your technologies. I am currently living in Hong Kong and looking for employment in China. I am in possession of Top Secret Clearance/Secret Compartmentalized Information from the US, as well as a PKI card of the Secret Internet Protocol Routing Network (a US Intelligence Community's Global Top-secret Network),

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

which I need to pass on to your company. Please contact me if you would like to look back [sic] this information."

While in Hong Kong, Schmidt sent his sister an email stating: "The real reason I left America is because of a disagreement with American policy. I don't talk about it often, but I learned some really terrible things about the American government while I was working in the Army, and I no longer feel safe living in America or like I want to support the American government. I don't plan on going back any time, except maybe once to sell my house, and I plan on limiting my contact with people who live in America. So basically, I'll be going off the map for a long time. If you don't hear from me, it's because I don't trust the U.S. government, and I want to minimize my communication to U.S. numbers."

After his transition to the Army's Inactive Ready Reserves, Schmidt no longer had authorized possession of, access to, or control over any of the above-referenced information related to the national defense of the United States, including the information contained in the *Humint AIT*, *High Level Secrets*, and *Important Information to Share with Chinese Government* documents he created. But thereafter, Schmidt retained the information and failed to deliver it to the officer or employee of the United States entitled to receive it. Schmidt was aware that this information could be used to the injury of the United States and to the advantage of a foreign nation.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

//
//
//

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.  **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a.  A base offense level of 30, pursuant to USSG § 2M3.2(a)(2).

   b.  A two-level upward adjustment for Abuse of Position of Trust, pursuant to USSG § 3B1.3.

   c.  A two-level downward adjustment because Defendant is a Zero Point Offender, pursuant to USSG § 4C1.1.

The parties agree they are free to present arguments regarding the applicability of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9.  **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Sentencing Recommendation**. The government agrees to recommend a sentence within the Sentencing Guidelines range as calculated by the Court at the time of sentencing. Defendant is free to recommend any sentence. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Waiver of Discovery.** As part of this Plea Agreement and based upon the concessions of the United States in this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to seek any additional classified discovery materials. Further, Defendant knowingly, willingly, and voluntarily waives all pending requests for discovery as pertains to classified materials. This waiver, however, shall not apply to any discovery materials that tend to negate Defendant's guilt, diminish the degree of Defendant's culpability, or affect Defendant's offense level calculation under the U.S. Sentencing Guidelines.

13. **Continuing Duty of Non-Disclosure.** Defendant acknowledges that, in connection with his employment, he entered into certain agreements prohibiting the unauthorized disclosure of classified information, confidential information, and other

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

information acquired as a part of Defendant's performance of his official duties. Even though Defendant is no longer a government employee or contractor, Defendant acknowledges his continuing duties and obligations under these agreements. Defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of classified information and/or information relating to the national defense. Defendant further understands and agrees that the law forbids him from disclosing, communicating, transmitting, or disseminating any classified information and/or information relating to the national defense, without regard to where, when, or how he learned of or came into possession of the classified information or information relating to the national defense. Defendant understands and agrees that merely because classified information or information relating to the national defense may have appeared publicly does not render that information unclassified.

14. **Agreement Regarding Pre-Publication Review.** Defendant understands and acknowledges his legal obligation to refrain from the unauthorized oral or written disclosure of information derived from the United States government or derived from the activities described in the Statement of Facts of this Plea Agreement. Should Defendant at any time author or participate in the creation of any book, writing, article, film, documentary, or other production, or otherwise provide information for purposes of publication or dissemination, including but not limited to information provided through interviews with freelance writers or representatives of any media organization or entity, Defendant hereby agrees first to submit in a timely fashion said book, writing, article, film, documentary, or information to the relevant member of the United States Intelligence Community ("USIC") for timely pre-publication review and deletion of information which, in the discretion of the relevant USIC member, should not be published or disseminated on the grounds of national security concerns or on such other grounds as are already the subject of Defendant's pre-existing agreements with the United States government.

//
//

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15.     **Agreement Regarding Assignment of Proceeds from Publicity.** Defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to his work for or on behalf of the United States, his unlawful activities, the facts and circumstances leading to his apprehension and conviction, or acquired from government files, and agrees that any such profits or proceeds constitute the proceeds of his unlawful activity for purposes of 18 U.S.C. § 793(e) and any other violations of the Espionage Act. This assignment shall include all profits and proceeds for the benefit of Defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of Defendant's associates or a current or future member of Defendant family. Defendant agrees that he shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of Defendant's family, or to another person or entity who would provide some financial benefit to Defendant, Defendant's associates, or a current or future member of Defendant's family. Moreover, Defendant shall not circumvent this assignment by communicating with an associate or family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether such associate or family member is personally or directly involved in such dissemination.

16.     **Agreement Regarding Foreign Government Contacts.** Defendant understands and agrees that he shall not knowingly have contact with any foreign government or agent thereof, except with the express permission of the Federal Bureau of Investigation ("FBI"). Defendant further understands and agrees that he shall not seek or knowingly accept, personally or through another person or entity, any benefit from a foreign government or agent thereof, and that should such a benefit be received by Defendant, or some other person or entity on his behalf, he hereby assigns any such benefit to the United States. For purposes of this paragraph, any benefit provided to an associate of Defendant or to a current or future family member of Defendant, which is related to, arises out of, or is in recognition of, Defendant's unlawful activities, is a benefit deemed provided to Defendant himself.

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Agreement Regarding Contacts with the Media.** Defendant agrees to notify the United States immediately of any contacts he intends to have with any representative of the media, so that representatives of the USIC may be present to monitor the information being disseminated, and, if necessary, prevent the unauthorized disclosure of information. Such contacts include, but are not limited to, contacts in person, by electronic means, by telephone, or by public or private mail carrier. Among other things, this provision covers contacts relating to any media interview and contacts with any individual where the subject of the contact involves the publication of any book, article, script, or other work relating to Defendant's criminal activities, employment with the United States government, or work as a United States government contractor.

18. **Acknowledgement of Collateral Consequences.** Defendant understands that his convictions may have potential adverse consequences for his ability to collect pensions and/or other retirement benefits pursuant to Title 5, United States Code, Section 8312 (The Hiss Act).

19. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

20. **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

21. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

22. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//
//
//

*United States v. Schmidt,* CR23-158 JCC
Plea Agreement – Page 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

23. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 18th day of June, 2025.

JOSEPH DANIEL SCHMIDT
Defendant

DENNIS CARROLL
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

*United States v. Schmidt*, CR23-158 JCC
Plea Agreement – Page 18

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970